IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00062-AP

JOYCE GALLAGHER,

    Plaintiff,

v.

MICHAEL J. ASTRUE,[1] Commissioner of Social Security,

    Defendant.

## JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASE

**1.    APPEARANCES OF COUNSEL**

| | |
|---|---|
| Bruce C. Bernstein<br>1828 Clarkson Street #100<br>Denver, CO  80218<br>Telephone:  303-830-2300<br>bcblaw@qwest.net<br>Attorney for Plaintiff | TROY A. EID<br>United States Attorney<br><br>KURT J. BOHN<br>Assistant U.S. Attorney<br>kurt.bohn@usdoj.gov<br><br>Debra J. Meachum<br>Special Assistant U.S. Attorney<br>1961 Stout Street, Suite 1001A<br>Denver, Colorado  80294<br>Telephone:  (303) 844-1570<br>debra.meachum@ssa.gov<br>Attorneys for Defendant |

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**2.    STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

**3.    DATES OF FILING OF RELEVANT PLEADINGS**

   A.   **Date Complaint Was Filed:**  1/17/07
   B.   **Date Complaint Was Served on U.S. Attorney's Office:** 1/17/07
   C.   **Date Answer and Administrative Record Were Filed:**  3/19/07

**4.    STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

**Plaintiff states:**  To the best of her knowledge, the record is complete, but she plans to submit additional evidence before the briefing schedule begins (see below).

**Defendant states:**  To the best of his knowledge, the record is complete, as certified, because it contains all evidence that was before the ALJ and the Appeals Council. Defendant's attorney (Agency counsel) will address any additional evidence Plaintiff submits before the briefing schedule begins (see below).

**5.    STATEMENT REGARDING ADDITIONAL EVIDENCE**

**Plaintiff states:**  Plaintiff's attorney states that he wishes to supplement the record with updated materials that he believes will "show that Plaintiff's disability not only never ended, but has gotten progressively worse."   Plaintiff's attorney states that he has ordered, but not yet received, the additional evidence Plaintiff intends to submit.  Plaintiff's attorney will forward the additional evidence, upon receipt, to Agency counsel.

**Defendant states:** Agency counsel cannot agree to supplement the record, which has been certified to contain only the evidence that was before the ALJ and Appeals Council. However, in response to Plaintiff's request, Agency counsel suggests the following.

   a.  By **May 25, 2007, 30 days after the filing of this Joint Case Management Plan,** Plaintiff's attorney will send Agency counsel all additional evidence and state the reason(s) he believes it is relevant to this case**.**

   b. Agency counsel will review the additional evidence with her client  to determine if it warrants seeking voluntary remand before briefing is commenced.

    c. If the Agency determines that the additional evidence warrants voluntary remand, Agency counsel will notify both Plaintiff's attorney and the Court **by June 15, 2007, or 21 days after receipt of the additional evidence**, whichever is later, and before briefing is commenced.

    d. If the Agency determines that the additional evidence does not warrant voluntary remand, Plaintiff may submit the additional evidence to the Court with his opening brief; Agency counsel will address the evidentiary value of the additional evidence in his response brief; and the Court may then consider the additional evidence pursuant to relevant law, including the factors set forth in *Chambers v. Barnhart*, 389 F.3d 1139 (10th Cir. 2004).

    e. If the additional evidence Plaintiff wishes to submit cannot be obtained and submitted to Agency counsel by May 25, 2007, Plaintiff's counsel will confer with Agency counsel and file an amended Joint Case Management Plan, if necessary.

**6.     STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

**Plaintiff states:**  To the best of her knowledge, this case does not involve unusual claims or defenses.

**Defendant states:**  To the best of his knowledge, this case does not involve unusual claims or defenses.

**7.     OTHER MATTERS**

None.

**8.     PROPOSED BRIEFING SCHEDULE**

**Because Plaintiff wishes to submit additional evidence, as set forth above, counsel for both parties suggest that briefing commence later than 40 days after the filing of this Joint Case Management Plan, as follows:**

| | | |
|---|---|---|
| **A.** | **Plaintiff's Opening Brief Due:** | July 15, 2007 |
| **B.** | **Defendant's  Response Brief Due:** | August 15, 2007 |
| **C.** | **Plaintiff's  Reply Brief (if any) Due:** | August 30, 2007 |

**9.    STATEMENTS REGARDING ORAL ARGUMENT**

   A.   **Plaintiff's Statement:**. Oral argument is reserved at this time. After the case is briefed, Plaintiff will file a supplemental statement as to whether Plaintiff desires or waives oral argument.

   B.   **Defendant's Statement:**  Oral argument not requested.

**10.   CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

   A.   **(  ) All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

   B.   **( x ) All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**11.   OTHER MATTERS**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE MOVING ATTORNEY'S CLIENT, ALL ATTORNEYS OF RECORD, AND ALL *PRO SE* PARTIES.

**12.   AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

   The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

   DATED this 25th day of April , 2007.

                                          BY THE COURT:


                                          *S/John L. Kane*
                                          U.S. DISTRICT COURT JUDGE

APPROVED:

| | |
|---|---|
| s/Bruce C. Bernstein 4/25/07<br><br>Bruce C. Bernstein<br>1828 Clarkson Street #100<br>Denver, CO  80218<br>303-830-2300<br>bcblaw@qwest.net<br>Attorney for Plaintiff | TROY A. EID<br>United States Attorney<br><br>KURT J. BOHN<br>Assistant U.S. Attorney<br>kurt.bohn@usdoj.gov<br><br>By: s/Debra J. Meachum 4/25/07<br>     Debra J. Meachum<br>     Special Assistant U.S. Attorney<br>     1961 Stout Street, Suite 1001A<br>     Denver, Colorado  80294<br>     Telephone:  (303) 844-1570<br>     debra.meachum@ssa.gov<br>     Attorneys for Defendant. |